UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| VERSUS | * | NO: 07-101 |
| VINCENT THOMAS | * | SECTION: "D" |

## ORDER AND REASONS

Before the court is the **"Petition Under 28 USC §2255 to Vacate, Set Aside, or Correct Sentence"** (Doc. No. 93) filed by Defendant, Vincent Thomas. The Government filed a memorandum in opposition (Doc. No. 95). The §2255 Petition is before the court on the parties' briefs, without oral argument.

Having reviewed the parties' briefs, the record and the applicable law, the court concludes that:

(1) an evidentiary hearing is not necessary because all of the facts underlying the claims raised in this § 2255 Petition are contained in the record, and the resolution of Petitioner's claims depends solely upon the application of the relevant case law and standard of reviews to facts that are already

part of the record; and

(2) the § 2255 Petition should be denied.

## I. Background

On October 11, 2007, Thomas pled guilty to a two court Indictment charging him with distribution of five grams or more of crack cocaine (Count 1) and distribution of fifty grams or more of crack cocaine (Count 2). (*See* Rearraignment Transcript, Doc. No. 84). At the same time, Thomas also admitted to the allegations of a Bill of Information to Establish Prior Conviction (i.e., conviction for possession with intent to distribute cocaine on or about June 28, 1995), which the Government had filed pursuant to 21 U.S.C. §851(a). (*Id.; also see* §851 Bill, Doc. No. 45).

In connection with his guilty plea, Thomas executed a Factual Basis and Plea Agreement, which were filed under seal. (Docs. Nos. 48-49, Sealed). The Plea Agreement provides in part:

> The defendant ... agrees to plead guilty to a bill of information charging him with having **one** prior felony drug conviction pursuant to Title 21, United States Code, Section 851. The Government also agrees not to charge the Defendant with having **two** or more prior felony drug convictions, which would result in the Defendant receiving a mandatory life sentence as to Count 2 pursuant to Title 21, United States Code, Section 841(a)(1)(A).

(Doc. No. 49, at p. 1).[1]

The plea agreement also contained a waiver of appeal and collateral challenge, which stated:

> Except as otherwise provided in this paragraph, the Defendant hereby expressly waives his rights to appeal from his conviction and/or sentence, including but not limited to any appeal rights conferred by Title 28, United States Code, Section[] 1291, and by Title 18, United States Code, Section 3472. The Defendant further waives his right to contest his conviction and/or his sentence in any collateral proceeding, including proceedings brought under Title 28, United States Code, Section 2241 and Title 28, United States Code, Section 2255, on nay ground, except that defendant may bring a post conviction claim if the Defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself. Subject to the foregoing, the Defendant reserves the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum.

(*Id.* at p. 2).

At his Rearraignment, Thomas was represented by his retained counsel, Mr. C. Gary Wainwright. Initially, in these proceedings, Thomas was represented by Mr. William Doyle, through CJA appointment. Thomas then retained attorney, Mr. Patrick Fanning, but Mr. Fanning ultimately withdrew with Thomas' consent and the

---

[1] Thomas also had another prior felony drug conviction for possession of cocaine on or about September 11, 2000. (*See* PSI at pp. 6-7, ¶¶30-35).

court re-appointed Mr. Doyle to represent Thomas. At a hearing to determine counsel, the court allowed Mr. Wainwright to enroll as retained counsel for Thomas.[2] Prior to Sentencing, Thomas wrote the court a letter dated December 27, 2007, stating that he had terminated Mr. Wainwright and asking the court to appoint the FPD. But Mr. Wainwright continued to represent Thomas,[3] and prior to

---

[2] When the court allowed Mr. Wainwright to enroll, the court warned Thomas:

THE COURT: As I may have mentioned last time I note from the record that this is the third lawyer you have had represent you in this case. And I want to make sure that you and Mr. Wainwright have had an opportunity to communicate to where you feel comfortable with each other as far as him with you as a client and you with Mr. Wainwright as your counsel. Have you had that opportunity?

THE DEFENDANT:
Yes, I am comfortable with him.

THE COURT: Because it is unlikely that I will continue matters for you to get new counsel. You understand that?

THE DEFENDANT:
Yes, sir.

THE COURT: That if Mr. Wainwright isn't representing you, I likely instead of continuing matters would have you go to trial alone. You understand that?

THE DEFENDANT:
Yes, sir.

(*See* Transcript of Hearing to Determine Counsel held on August 1, 2007, Doc. No. 83, pp. 2-3).

[3] On direct appeal, Thomas asserted that the court effectively deprived him of his Sixth Amendment right to counsel when the court denied his request for appointment of a Federal Public Defender. However, the Fifth Circuit rejected this assertion, finding that "[t]he court did not deny Thomas his counsel of choice; it merely denied his request for new appointed counsel. Moreover, ..., Thomas sought to have his retained counsel removed form the case and was not seeking to be represented by any particular retained attorney." (Fifth Cir. Op., Doc. No. 90-1, at p. 2).)

4

Sentencing, Mr. Wainwright filed multiple objections to the Pre-Sentence Investigation Report. (*See* Defendant's Objections and Sentencing Memorandum, attached to Government's Opp. as Ex. A, Doc. No. 95-1).

On March 26, 2008, the court sentenced Thomas to the statutory mandatory minimum of 240 months imprisonment as to Counts 1 and 2, to be served concurrently. (*See* Judgment, Doc. No. 66). Thomas appealed (through counsel, Robin Schulberg of the Federal Public Defender's office), and the Fifth Circuit Court of Appeals affirmed Thomas' conviction and sentence. (Doc. No. 90). On April 6, 2009, the United States Supreme Court denied certiorari. (Doc. No. 92).

On April 5, 2010, Thomas timely filed the instant §2255 motion in which he asserts the following claims: (1) his trial counsel failed to object to the Government's use of a prior conviction under ¶851 to enhance his sentence; (2) his trial counsel failed to advise him of the option of pleading without cooperating which might have entitled him to a downward departure; (3) his trial counsel failed to show that he could have received a lighter sentence under a disparity between crack cocaine and powder cocaine; and (4) his appellate counsel failed to raise all these issues on direct appeal.
(*See* §2255 Petition and Supporting Memo. , Doc. No. 93).

## II. Legal Analysis

To succeed on a claim for ineffective assistance of counsel, Thomas must show that: (1) his counsel's performance was deficient; and (2) his counsel's deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* Court also instructed that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of insufficient prejudice, which we expect will often be so, that course should be followed." *Id*. at 697.

Here, Thomas' claim that his trial counsel was ineffective lacks merit. Thomas provides no basis for any objection that he argues his counsel should have made regarding the §851 enhancement. During his guilty plea, Thomas admitted that he pled guilty to the prior conviction set forth in the ¶851 bill of information. Further, that prior conviction (from 1995) was beyond the five-year statute of limitation within which Thomas could have challenged its validity. 21 U.S.C. ¶851(e). Also, Thomas offers no support of his claim that the Government would not have sought any enhancement, and he ignores the fact that, pursuant to the Plea Agreement, the Government agreed not to charge him with having **two** felony drug convictions which would have resulted in Thomas receiving a mandatory life sentence as to Count 2. (Plea Agreement at p. 1).

6

Next, the court rejects Thomas' claim that his trial counsel failed to advise him of the option of pleading without cooperating which he claims might have entitled him to a downward departure based on acceptance of responsibility, and the court finds that Thomas reliance on *United States v. Booth*, 434 F.3d 542 (3rd Cir. 2005) is misplaced. Unlike in *Booth*, the Government here did not offer to dismiss any counts and maintained that Defendant (Thomas) would have to plea guilty to both. Further, unlike the Defendant in *Booth* who was prejudiced by receiving (after conviction at Trial) a sentence higher than it would have been had he pleaded guilty and received a reduction under U.S.S.G. §3E1.1, Thomas received a benefit by pleading guilty because the Government agreed to allege one instead of two prior convictions, and Thomas' sentence of 240 months imprisonment was less than the life sentence he would have received if convicted at trial (based on his two prior convictions). Thomas' guideline range became the mandatory minimum of 20 years imprisonment because of the §851 bill of information, whereas in *Booth*, the Defendant's guideline-range sentence was above the statutorily mandatory minimum. And, while the three-level reduction made a difference in *Booth*, it made no difference for Thomas.

As to Thomas' claims that his counsel was ineffective at sentencing, the court finds that Thomas is actually challenging his

7

sentence. However, such a challenge is barred by Thomas' waiver of his right to appeal or contest his sentence. As evidenced in the plain language of the Plea Agreement and the Rule 11 plea colloquy with the court, this waiver was knowing and voluntary and applies to the circumstances at hand. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

Further, while Thomas now argues that he should receive a lighter sentence based on the disparity between crack cocaine (with a 100-to-1 ratio) and powder cocaine (with a 18-to-1 ratio), his counsel did address the 100-to-1 ratio in his Sentencing Memorandum (attached as Ex. A to the Government's Opp. Memo.). Counsel's objections to the PSI also included the statement that had Thomas' offenses involved cocaine hydrochloride, his base offense would have been 18 instead of 30. Counsel also objected to the initial PSI's enhancement as a career offender under U.S.S.G. §4B1.1, and as a result, the enhancement was removed. Finally, Thomas argues that counsel failed to recognize that Congress had two Bills before it to end the sentencing disparity, but the two Bills (attached to the Government's Opp. Memo. as Ex. C) were not then, and are not now, in effect.

To the extent that Thomas claims that his appellate counsel was ineffective, the court finds no support for such claim. Thus, the court concludes that Thomas has failed to show that his trial

counsel and appellate counsel were ineffective, because he has failed to demonstrate that he suffered prejudice as a result of the actions of either counsel.

Accordingly;

**IT IS ORDERED** that the **"Petition Under 28 USC §2255 to Vacate, Set Aside, or Correct Sentence"** (Doc. No. 93) filed by Defendant, Vincent Thomas, be and is hereby **DENIED.**

New Orleans, Louisiana, this **4th** day of **June, 2010**.

*[signature]*
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE